UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-104-HRW

CHESTER D. STEVENS,                              PLAINTIFF,

v.               **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability and disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for a period of disability and disability insurance benefits on June 20, 2003, alleging disability beginning on June 29, 2002, due to osteoarthritis, degenerative bone disease, asbestosis, degenerative

1

spine disease, depression and anxiety (Tr. 47-57). This application was denied initially and on reconsideration (Tr. 27-36). On August 5, 2004, an administrative hearing was conducted by Administrative Law Judge James D. Kemper, Jr. (hereinafter "ALJ"), wherein Plaintiff testified and Dwight McMillion, a vocational expert (hereinafter "VE"), testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On November 2, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-18). Plaintiff was 60 years old at the time of the hearing decision (Tr. 13). He has a high school education and past relevant work experience consists of work as a train operator (Tr. 13).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 13). The ALJ then determined, at Step 2, that Plaintiff suffered from fibromyalgia, which he found to be "severe" within the meaning of the Regulations (Tr. 17). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 17). The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 17) but determined that he has the residual functional capacity to lift and carry 50 pounds occasionally and 25 pounds frequently, with no limitations with regard to his ability to stand and/or walk (Tr. 16). Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform the full range of medium work, such as (Tr. 17). The ALJ finally concluded that such jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 17). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

3

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 4 and 7] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

4

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

## B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ discounted the opinion of his treating physician and (2) the ALJ failed to give Plaintiff's testimony full credibility.

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ discounted the opinion of one of his treating physicians, Dr. Tismo.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler,* 756 F.2d 431, 435 (6th Cir. 1985).

The July 2004 assessment of Dr. Tismo, in which he opined that Plaintff was basically disabled from all work activity (Tr. 228-232) was explicitly rejected by the ALJ as inconsistent with the objective evidence of record (Tr. 16). For

5

example, Dr. Feinburg, another treating physician, found that Plaintiff's symptoms were controlled with medication and that Plaintiff was doing well (Tr. 103-126, 196-198). Dr. Rita Ratliff noted Plaintiff's normal gait, station and range of motion and opined that Plaintiff would have no physical work related limitations (Tr. 133-143).

Notably, Dr. Tismo's own treatment notes fail to support his opinion of extreme physical limitation. Although Dr. Tismo's opined that Plaintiff could not perform most of the requirements of work-related activity due to pain in his hips, back, shoulders, hands, knees and elbows, his own office records contain no reference to treatment in this regard (Tr. 97, 194). Indeed, based upon the record, Dr. Tismo only treated Plaintff for an upset stomach and gas.

Given the lack of corroborating medical evidence and supporting medical data, the Court finds that the ALJ did not err in rejecting the opinion of Dr. Tismo that Plaintiff was disabled from work activity.

Plaintiff's second claim of error is that the ALJ failed to give Plaintiff's testimony full credibility. Specifically, Plaintiff argues that the ALJ did not properly consider Plaintiff's allegations of pain.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the

opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

In this case, the ALJ found the claimant's credibility to be "only fair at best" and his subjective complaints of disabling pain and psychological symptoms to be "excessive" (Tr. 15). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster as the medical evidence of record do not support Plaintiff's allegations of disabling impairment. To the contrary, the record shows no objective medical condition which would cause the amount and extent of pain alleged by Plaintiff. Dr. Feinburg routinely noted that Plaintiff was doing well (Tr. 103-126, 196-198). Dr. Tismo's treatment notes are, as discussed above, devoid of any reference to disabling symptoms.

In addition to lack of supporting medical evidence, Plaintiff's own testimony belies his claim of disabling impairment. The record shows that Plaintiff washes his car and truck, does yard work, visits friends and family, takes out the garbage and prepares meals. The Sixth Circuit Court of Appeals has stated

7

that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

Given the inconsistent and contradictory evidence, the Court finds the ALJ's assessment of claimant's credibility to be reasonable and supported by substantial evidence on the record as a whole.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __17__ day of April, 2006.

Henry R. Wilhoit, Jr., Senior Judge

8